IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 15-398 |
| | : | |
| WAYDE MCKELVY | : | |

**GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT WITNESSES**

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Robert J. Livermore and Sarah M. Wolfe, Assistant United States Attorneys, hereby moves to exclude the testimony of the defendant's proposed expert witnesses. For the following reasons, the defendant's proposed expert testimony is irrelevant, unreliable, inadmissible, and confusing to the jury and should not be admitted as evidence at trial pursuant to Rules 401, 403, 702, and 704 of the Federal Rules of Evidence. For expert testimony, the district court must exercise its role as the gatekeeper to exclude such inadmissible and unreliable testimony. In the alternative, the government requests the Court hold a <u>Daubert</u> hearing for the defendant to establish the admissibility of his proposed expert testimony. In either instance, the government specifically requests that the Court <u>not</u> continue the trial.[1]

---

[1] The SEC shut down the Mantria Ponzi scheme in November 2009. The defendants stole more than $54 million from more than 300 victims, specifically targeting senior citizens and other vulnerable victims. Many victims lost their entire life's savings. In addition, defendant WAYDE MCKELVY specifically coached the victims to obtain as many loans as possible from home equity, credit cards, and other sources to "invest" in Mantria – coaching which led to further financial devastation. The government indicted this case in September 2015, a delay which was caused by, *inter alia*, the unexpected death of the assigned Assistant United States


## I. Introduction

On September 2, 2015, a federal grand jury in the Eastern District of Pennsylvania returned a ten-count indictment charging TROY WRAGG, AMANDA KNORR, and WAYDE MCKELVY with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, seven counts of wire fraud, in violation of 18 U.S.C. § 1343, one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, and one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5.   The charges in the indictment stem from the defendants' participation in the Mantria Ponzi scheme that collapsed in November 2009 when the SEC filed a motion for a temporary restraining order with the United States District Court in Colorado.   Both defendants WRAGG and KNORR have entered guilty pleas to all ten counts of the indictment.

The U.S. District Court in Colorado placed Mantria and all of its subsidiaries, including a bank in Tennessee called Mantria Financial, into receivership.   In granting the SEC's motion for a permanent injunction, the Court found:

> [O]ver the course of approximately two years, Defendants raised more than $54 million from over 100 investors by egregiously, recklessly, knowingly, and shamelessly perpetrating a fraudulent scheme whereby they used misrepresentations, omissions, and blatant lies to induce unsuspecting and unwitting victim investors to liquidate the equity in their homes and take out bank loans to invest in Defendants' scheme, which was nothing more than smoke and mirrors.   Thus, given the seriousness and extent of the violations and the degree

---

Attorney.   Since indictment, the defendant has postponed this criminal trial for three years. Many of the victims are no longer physically capable of testifying.   Even some of the victims who were prepared to testify at trial two years ago have seen their health deteriorate since then, to the point that they no longer can testify.   Other victims have been so traumatized by the financial devastation wreaked by the defendants' fraud that they cannot testify for the sake of their own mental health.   A further continuance of this trial would be a grave disservice to justice, as even fewer victims would be in a position to testify and fewer victims would be alive to see justice served.

of scienter required to establish and further the fraudulent scheme, the Court finds that entry of a permanent injunction is warranted.

In imposing a civil penalty on MCKELVY and his associates, the Court found:

Defendants repeatedly engaged in these acts for at least two years, during which time they preyed on unsuspecting and unwitting investors who liquidated their retirement accounts and risked their home equity only to have their life's savings washed away by Defendants' sociopathic greed. Thus, without question, Defendants' conduct is deserving of the most severe penalties available under 15 U.S.C. § 77t(d).

## II. Defense Experts

On May 1, 2018, the district court granted the defendant's third motion to continue the trial date and entered an order (hereinafter the "Trial Order") to that effect. The Trial Order set trial to commence on September 24, 2018 and set a timeline for pretrial motions and other pretrial notices. Regarding expert witnesses, the Trial Order set a deadline of September 4, 2018 for the parties to provide the expert's curriculum vitae and the expert report.

On September 4, 2018, the defendant filed a motion styled "Defendant's Motion for Ruling on Applicability of Discovery Provision in Scheduling Order." In that motion, the defendant stated that he has retained three forensic accounting expert witnesses from an accounting firm who would "provide expert testimony in the defendant's case, as to such issues as defendant's statute of limitations defense and his lack of criminal intent." Secondly, the defendant stated that he has retained Alan Lieberman as an expert in securities law.

On September 10, 2018, the district court held a teleconference pertaining to the defendant's September 4, 2018 motion. During that teleconference, counsel for the defendant stated that his forensic accounting expert would testify indirectly, not directly, on the issues of

the statute of limitations defense and the defendant's lack of criminal intent.[2] The defendant further reported to the Court that he did not plan to call Mr. Lieberman to testify as a witness at trial.

### III. Discussion

    **A. The proposed testimony should be excluded because the defendant has failed to establish that his witness is an expert in the statute of limitations or a defendant's criminal intent.**

As the Supreme Court explained in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), the admissibility of proposed expert witness testimony is primarily governed by Federal Rule of Evidence 702. Rule 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Consistent with Rule 702, expert testimony may be admitted only if at least two preconditions are met. First, the proposed testimony must constitute "scientific, technical, or other specialized knowledge" that "will assist the trier of fact" within the meaning of Rule 702, *i.e.*, the evidence must be both "reliable" and "relevant." See <u>Daubert</u>, 509 U.S. at 589, 593. Second, the witness proffered to deliver that testimony must be qualified as an expert by virtue of his "knowledge, skill, experience, training, or education." A trial court's decision to exclude expert testimony under Fed. R. Evid. 702 may be disturbed on appeal only if it is an "abuse of discretion." <u>General Electric Co. v. Joiner</u>, 522 U.S. 136, 146-147 (1997); <u>Salem v. United States Lines Co.</u>, 370 U.S. 31, 35 (1962).

---

[2] Counsel for defendant also stated that they would provide the names and C.V.'s for the potential expert witnesses to the government by the next day. To date, we have not received this information.

In <u>Daubert</u>, the Supreme Court explained that Rule 702 requires trial courts to perform a screening function with respect to proposed expert testimony to ensure that the testimony is both relevant and reliable, *i.e.*, that it in fact constitutes "scientific, technical, or other specialized knowledge" and that it "will assist the trier of fact."  509 U.S. at 589 592.  The Court in <u>Daubert</u> also highlighted a list of four nonexclusive criteria that often would be relevant in that determination.  <u>Id.</u> at 593-94; <u>see also</u> <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167, 1171 (1999).  That list includes factors such as (1) whether the technique or theory may be tested or refuted; (2) whether the technique or theory has been a subject of peer review or publication; (3) the known or potential rate of error of a technique; and (4) the degree of acceptance of the theory or technique within the relevant scientific community. 509 U.S. at 593-94.  The trial judge acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid, *i.e.*, whether it is reliable; and whether that reasoning or methodology properly can be applied to the facts in issue," *i.e.*, whether it is relevant.  <u>Id.</u> at 592-93.

Even where the substance of the proffered scientific testimony is otherwise reliable and relevant, it still must be delivered by a witness who, by virtue of his specialized training or knowledge, qualifies as an expert. <u>See</u>, e.g., <u>Wilson v. Woods</u>, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."); <u>Holbrook v. Lykes Bros. Steamship Co., Inc.</u>, 80 F.3d 777, 781 (3d Cir. 1996) ("[T]he district court makes preliminary determinations whether the proposed expert witness is qualified . . . under Rule 702.").

In this case, the defendant reported that he has retained three accounting expert witnesses

5

from the Marcum firm and intends to call one of them to testify.   While these witnesses may have sufficient expertise to testify to accounting issues, there is no suggestion that they have any expertise in the statute of limitations or the defendant's criminal intent.   These are legal issues, not accounting issues, and far from these experts' field of expertise.   Just because a proposed witness may be an expert in one field does not give that witness carte blanche to render an opinion on any subject.   To qualify as an expert, a witness must have sufficient qualifications in the form of knowledge, skills, and training in that particular field.   See Jaasma v. Shell Oil Co., 412 F.3d 501, 513 (3d Cir 2005).

The fact that the defendant intends to call one of these witnesses to testify "indirectly" rather than "directly" on these points does not satisfy the admissibility rules.   The defendant bears the burden to prove that his expert's testimony is admissible, which he has failed to establish.   Therefore, the defendant's proposed expert witnesses' opinions lack the reliability and proper methodology required under Rule 702 and Daubert and should be excluded.

### B.     The proposed testimony should be excluded because it is irrelevant.

Even assuming, *arguendo*, that the defendant's experts are competent to form opinions in the proffered subjects, those opinions should be excluded because the defendant has failed to establish that they are relevant to this prosecution.   Indeed, the accounting experts' opinions as to whether the government has met its burden to prove the statute of limitations and the defendant's intent are entirely irrelevant and immaterial.[3]

Rule 401 of the Federal Rules of Evidence provides, "[e]vidence is relevant if: (a) it has

---

[3]     If the Court grants the defendant's motion to allow his accounting experts to testify as to the defendant's lack of intent, then the Court should allow the government to introduce as evidence the district court in Colorado's order finding that the defendant acted with the requisite intent.

any tendency to make a fact more of less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The Court should also consider whether an expert witness is truly needed on these points. One of the criteria for the admission of expert testimony under Rule 702 is whether a lay person can be expected to decide the issue intelligently without an expert's help. United States v. Sebaggala, 256 F.3d 59, 66 (1st Cir. 2001); United States v. Salimonu, 182 F.3d 63, 73–74 (1st Cir.1999); United States v. Brien, 59 F.3d 274, 277 (1st Cir.1995); see also Ruiz–Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 81 (1st Cir.1998).

As noted above, the trial judge must act as the "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid, *i.e.*, whether it is reliable; and whether that reasoning or methodology properly can be applied to the facts in issue," *i.e.*, whether it is relevant. Daubert, 509 U.S. at 592-93. The trial judge should only admit the expert testimony if it aids the jury. If the testimony is misleading, confusing, or irrelevant, the trial judge, exercising her sound discretion, should not admit that evidence at trial. Many courts have stressed that, in deciding whether to admit expert testimony, "a trial judge must be sensitive to the jury's temptation to allow the judgment of another authority to substitute for its own," recognizing that there is strong risk that the jury will adopt the factual findings of the expert rather than forming an independent analysis of the evidence. United States v. Sorondo, 845 F.2d 945, 949 (11th Cir.1988).

The defendant has failed to establish that his accounting experts' opinions shed any light on the facts at issue or would otherwise be helpful to the jury. Because these opinions are irrelevant under Rule 401, the Court should exercise its role as the gatekeeper and exclude this

proposed testimony.

### C. The proposed testimony should be excluded because it violates Rule 704 of the Federal Rules of Evidence.

The defendant initially claimed that the defendant's accounting expert would testify to the defendant's lack of criminal intent. When questioned by the Court during the September 10, 2018 conference call, defense counsel stated that the accounting expert would testify "indirectly" not "directly" on this issue. Regardless of whether the expert testifies "directly" or "indirectly," the proposed testimony is clearly inadmissible.

Federal Rule of Evidence 704(b) provides, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." It is well established that Rule 704(b) "disables even an expert from expressly stating the final conclusion or inference as to a defendant's actual mental state at the time of a crime." United States v. DiDomenico, 985 F.2d 1159, 1164 (2d Cir.1993). Such testimony is prohibited because it "poses a uniquely heightened danger of intruding on the jury's function." Id. at 1164–65. "This Rule bars experts from testifying that the defendant had the necessary state of mind to commit a crime - whether it be intent, knowledge, or something else." United States v. Davis, 726 F.3d 434, 446 (3d Cir. 2013).

The defendant's proposed expert testimony falls squarely within the Rule 704(b) prohibition. This rule makes no distinction between "direct" and "indirect" testimony. Rather, the rule establishes a bright line bar prohibiting an expert witness from rendering opinions on this subject. Accordingly, the defendant's expert testimony should be excluded.

8

## IV.  Conclusion

For the reasons set forth above, the Court should exclude the testimony of the defendant's proposed expert witnesses from the evidence at trial.   In the alternative, the government requests that the Court hold a Daubert hearing as soon as possible for the defendant to establish the admissibility of his proposed testimony.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney


s/ Robert J. Livermore
ROBERT J. LIVERMORE
SARAH M. WOLFE
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the Government's Motion to Exclude has been served via electronic filing upon:

Walter Batty, Esq.
William Murray, Esq.

<div style="text-align:right">
s/ Robert J. Livermore
ROBERT J. LIVERMORE
Assistant United States Attorney
</div>